## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | **CASE NO. 8:09CR81** |
| ) | |
| **Plaintiff,** ) | |
| ) | **AMENDED MEMORANDUM** |
| vs. ) | **AND ORDER** |
| ) | |
| **BRADFORD WINNIE,** ) | |
| ) | |
| **Defendant.** ) | |

This matter is before the Court on the Defendant's appeal (Filing No. 153) from the Magistrate Judge's order (Filing No. 143) denying the Defendant's motion to sever (Filing No. 118). The Court has considered the record, including the Defendant's brief (Filing No. 154), the transcript of the evidentiary hearing (Filing No. 142), and the evidence (Filing No. 137).

### FACTUAL BACKGROUND

The Defendant, Bradford Winnie, is one of six defendants charged in a 22-count Superseding Indictment alleging drug trafficking and gun charges. Winnie is charged in Counts VI (possessing stolen firearms and ammunition, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2)) and VIII (criminal forfeiture of firearms). Winnie argues that his charges allege only minimal involvement on one day, January 15, 2009, while the other defendants are alleged to be more culpable over a longer period of time. Winnie argues that a limiting instruction would be inadequate. The government argues that Winnie and the other defendants all participated in drug or gun sales that led up to a February 26, 2009, home invasion with the purpose of effecting a drug robbery. The government states that, even if

Winnie is severed, it would need to introduce some of the same evidence against Winnie that it intends to introduce against the defendants in a joint trial. The government also states that because each drug or gun sale was recorded on audio or video tape, there will be no doubt in the jurors' minds regarding the identity of the participants, lessening prejudice against Winnie.

Judge Thalken[1] concluded that none of the defendants[2] moving for severance presented any evidence showing that the jury would be unable to compartmentalize the evidence against each defendant.

## DISCUSSION

Under 28 U.S.C. § 636(b)(1)(A), the Court has reviewed the order from which this appeal has been taken. In an appeal from a magistrate judge's order on a pretrial matter within 28 U.S.C. § 636(b)(1)(A), a district court may set aside any part of the magistrate judge's order shown to be clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A).

As the Eighth Circuit has stated, a clear preference for joinder of two or more codefendants exists in order to minimize judicial economy and efficiency. *United States v. Clay,* 579 F.3d 919, 927 (8th Cir. 2009). "Only in an unusual case will the prejudice

---

[1] This Amended Memorandum and Order corrects the name of the Magistrate Judge who handled this matter. No other changes appear in this Amended Memorandum and Order.

[2] Defendants Gregory Stanek, Michael Davis, and Kenny Dofner also moved for severance. Only Winnie appealed from Judge Thalken's order.

2

resulting from a joint trial be substantial enough to outweigh the general efficiency of joinder." *United States v. El-Esawi,* 560 F.3d 888, 891 (8th Cir. 2009).

On appeal, Winnie raises the same arguments as those raised initially. The Court agrees with Judge Thalken that he has not shown a "clear likelihood of prejudice" that would overcome the preference for a joint trial. *United States v. Boone,* 437 F.3d 829, 837 (8th Cir. 2006).

Accordingly,

IT IS ORDERED:

1. The Defendant's appeal from the Magistrate Judge's Order (Filing No. 153) is denied; and

2. The Magistrate Judge's order denying severance (Filing No. 143), is affirmed.

DATED this 19th day of October, 2009.

                                                   BY THE COURT:

                                                   s/Laurie Smith Camp
                                                 United States District Judge