IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>  vs.<br><br>BRADFORD WINNIE,<br><br>                Defendant. | 8:09CR81___<br><br>MEMORANDUM AND ORDER |

      This matter is before the Court for initial review of a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"), ECF No. 365, filed by pro se Defendant, Bradford Winnie. Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires initial review of a defendant's § 2255 motion. Rule 4(b) states:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

      After pleading guilty to the offenses of possession of stolen firearms in violation of 18 U.S.C. §§ 922(j) & 924(a)(2) (Count I), and felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) & 924(e) (Count II), the Defendant received a sentence of 120 months incarceration on Count I and 210 months incarceration on Count II, to be served concurrently, to be followed by 3 years of supervised release on Count I and 3 years of supervised release on Count II, to be served concurrently. ECF No. 276. The Defendant did not appeal the conviction or sentence.

In the § 2255 Motion, the Defendant asserts that the sentence should be vacated pursuant to the Supreme Court's decisions in *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 578 U.S. ___, 136 S. Ct. 1257 (2016).

In *Johnson*, the Supreme Court held the residual clause of the Armed Career Criminal Act of 1984, 18 U.S.C. §924(e)(1), (the "ACCA"), to be unconstitutionally vague, and therefore void. In *Welch*, the Supreme Court held "that *Johnson* is retroactive in cases on collateral review[.]" 136 S. Ct. at 1268.

In *Beckles v. United States*, 580 U.S. ___, No. 15-8544, 2017 WL 85578 (March 6, 2017), the Supreme Court held that the United States Sentencing Guidelines ("USSG"), including the residual clause of USSG § 4B1.2(a), which contained language identical to the residual clause in the ACCA[1], are not subject to vagueness challenges under the Due Process Clause.

A review of the Defendant's Presentence Investigation Report ("PSR"), ECF No. 274, reveals that the Defendant received a sentencing enhancement under USSG § 2K2.1(a)(2) due to prior crimes of violence, *i.e.*, robbery and two bank robberies, and USSG § 4B1.4(b)(3)(A) for possessing a firearm in connection with a burglary, which the Defendant contends fell within the scope of the residual clause of USSG § 4B1.2(a). In light of the Supreme Court's decision in *Beckles,* the Defendant's argument lacks merit with respect to his sentence under the USSG.

---

[1] Before its amendment on November 1, 2016, USSG § 4B1.2 defined the term "crime of violence" to include "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . *otherwise involves conduct that presents a serious potential risk of physical injury to another.*" (Emphasis added to residual clause.) The identical language is contained in the ACCA at 18 U.S.C. § 924(e)(2)(B)(ii).

To the extent the Defendant asserts that he was improperly sentenced pursuant to the unconstitutionally vague residual clause of the ACCA at issue in *Johnson*, this argument also lacks merit. Section 924(e)(1) of the ACCA mandates a minimum fifteen-year sentence for individuals who violate 18 U.S.C. § 922(g) and also have three previous convictions for a violent felony or serious drug offense, or both. 18 U.S.C. § 924(e)(1). Section 924(e)(2)(B) defines a violent felony as a crime that is punishable by a term of imprisonment exceeding one year, and –

> (i)   has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii)   is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.*

18 U.S.C. § 924(e)(2)(B) (emphasis added). Subsection (i) is referred to as the "elements clause," the enumerated crimes in subsection (ii) comprise what is referred to as the "enumerated clause," and the remaining italicized language above is the residual clause. In *Johnson*, the Supreme Court invalidated only the residual clause. 576 U.S. ___, 135 S. Ct. at 2563. Therefore, sentences pursuant to the elements and enumerated clauses of § 924(e)(2)(B) remain valid. *Id.*

The Defendant pled guilty to a violation of 18 U.S.C. §§ 922(g), *i.e.*, felon in possession of a firearm, and 924(e)(1) was applied due to his prior convictions for robbery under Nebraska state law and two separate bank robberies under federal law. In order to succeed on his § 2255 Motion, the Defendant must show that one of his prior convictions fell within the residual clause rather than the elements clause or enumerated clause. Robbery under Nebraska law and federal bank robbery have been

found to constitute violent felonies under the elements clause. *See, e.g.*, *Mosley v. United States*, No. 4:16-cv-00863, 2017 WL 513031, at *2 (E.D. Mo. Feb. 8, 2017) (concluding federal bank robbery convictions pursuant to 18 U.S.C. § 2113 are violent felonies under the ACCA's elements clause) (citing *United States v. Boman*, 810 F.3d 534, 543 (8th Cir. 2016); *United States v. Hicks*, 374 Fed. App'x. 673 (8th Cir. 2010) (concluding robbery under Nebraska state law "has as an element, the use, attempted use, or threatened use of physical force against the person of another"). As such, the Defendant's sentence pursuant to § 924(e)(1) was not improper considering the Supreme Court's holdings in *Johnson* and *Welch*, and the § 2255 Motion will be summarily dismissed.

THEREFORE, IT IS ORDERED:

1. That the Court completed initial review of the Defendant's Motion, ECF No. 365, under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion");

2. For the reasons stated above, the § 2255 Motion, ECF No. 365, will be summarily dismissed;

3. A separate Judgment will be entered; and

4. The Clerk will mail a copy of this Memorandum and Order to the Defendant at the Defendant's last known address.

Dated this 7th day of April, 2017.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge