IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> BRADFORD WINNIE, <br><br> Defendant. | 8:09-CR-81 <br><br> **MEMORANDUM AND ORDER** |

This matter comes before the Court on Defendant's motion for compassionate release and request to appoint counsel, Filing 423. For the reasons stated below, the motion will be denied.

Defendant pleaded guilty on April 13, 2010, to the offenses of possession of stolen firearms in violation of 18 U.S.C. §§ 922(j) & 924(a)(2) (Count 6), and felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) & 924(e) (Count 22). Filing 276. The Court sentenced Defendant to 120 months' incarceration on Count 6 and 210 months' incarceration on Count 22, to be served concurrently, to be followed by 3 years of supervised release on Count 6 and 3 years of supervised release on Count 22, to be served concurrently. Filing 276. Defendant did not appeal the conviction or sentence. Defendant now seeks compassionate release from his sentence arguing that he is particularly susceptible to the risks of COVID-19.

In Section 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), Congress amended 18 U.S.C. § 3582(c)(1)(A) to permit a defendant to move a sentencing court for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons (BOP) to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Defendant's evidence shows that he submitted a request for compassionate release to

the warden of his facility on October 7, 2020. Filing 423 at 1. His request was denied on November 13, 2020. Because thirty days have lapsed since Defendant submitted his request, the Court is satisfied that he has exhausted his administrative remedies.

Although Defendant has exhausted his administrative remedies, he has not demonstrated a reduction in sentence is warranted. Section 3582(c)(1)(A) provides in pertinent part:

> [T]he court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> 
> (i) extraordinary and compelling reasons warrant such a reduction
> 
>        . . . .
> 
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Accepting all Defendant's factual allegations as true, the Court concludes that he has not shown any extraordinary and compelling reason for a reduction of his sentence or his release from custody. At the time of this Order, Defendant is sixty-four years old and, according to his denial from the BOP, he suffers "chronic medical issues." Filing 423 at 9. Defendant's supporting documentation references tremors and a deteriorating mental state but cites no other health conditions that have been identified by the Centers for Disease Control as being associated with greater risk of harm should Defendant contract COVID-19. Defendant's argument focuses on the generalized presence of COVID-19 in prisons. Other than his age, he has not presented any allegation or medical support that he personally is at a greater risk. Such generalized concerns are insufficient to show extraordinary and compelling reasons for release. See *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify

compassionate release."); *United States v. Melgarejo*, No. 12-CR-20050, 2020 WL 2395982, at *3 (C.D. Ill. May 12, 2020), *aff'd*, No. 20-1802, 2020 WL 7230642 (7th Cir. Dec. 8, 2020) ("[T]he mere presence of COVID-19 in a particular prison . . . cannot justify compassionate release—if it could, every inmate in that prison could obtain release.").

There is no right to assistance of counsel when seeking relief pursuant to 18 U.S.C. § 3582(c)(2). *See United States v. Tollefson*, 853 F.3d 481, 485 (8th Cir. 2017); *United States v. Harris*, 568 F.3d 666, 669 (8th Cir. 2009). "Proceedings under § 3582(c)(2) are not ancillary matters for the purposes of [18 U.S.C.] § 3006A(c)," so there is no right to counsel in § 3582(c)(2) proceedings under 18 U.S.C. § 3006A(c). *Harris*, 568 F.3d at 669. Thus, appointment of counsel in such proceedings is a matter in the court's discretion. *Id.; see also United States v. Valentine*, No. 8:92CR11, 2010 WL 92322, at *1 (D. Neb. Jan. 6, 2010) ("Sixth Amendment right to counsel does not extend beyond first appeal; there is no right to appointed counsel in sentence modification proceedings under § 3582(c)."). The Court concludes upon reviewing the Defendant's submission that appointment of counsel is not appropriate in this case.

Further, the Court has reviewed the record and concludes that a reduction of his sentence would be contrary to the factors the Court must consider under 18 U.S.C. § 3553(a).[1] The Defendant was convicted of possession of stolen firearms and felon in possession of firearms.  In particular, the Court concludes that the requested relief would endanger the public given the previous offenses of the Defendant.     IT IS ORDERED:

---

[1] These factors include the "nature and circumstances of the offense," "history and characteristics of the defendant," "need to avoid unwarranted sentence disparities among defendant with similar records who have been found guilty of similar conduct," and the need for the sentence imposed to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," "afford adequate deterrence," and "protect the public." 18 U.S.C. § 3553(a)(1), (2)(A) through (C), and (6).

1. Defendant's motion for compassionate release and request to appoint counsel, Filing 423, is denied; and

2. The Clerk will mail a copy of this Memorandum and Order to Defendant at his last known address.

Dated this 1st day of February, 2021.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge