IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,  Plaintiff,  vs.  BRADFORD WINNIE,  Defendant. | 8:09-CR-81  MEMORANDUM AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |

This matter comes before the Court on Defendant's second motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), Filing 432. For the reasons stated below, the motion will be denied.

The Court's prior Memorandum and Order denying compassionate release, Filing 427, contains a more detailed history of Defendant's plea, sentencing, and the legal standard governing compassionate release motions under § 3582(c)(1)(A). By way of summary, Defendant pleaded guilty to possession of stolen firearms in violation of 18 U.S.C. §§ 922(j) & 924(a)(2), and being a felon in possession of a firearm after three previous convictions for violent felonies or serious drug offenses in violation of 18 U.S.C. §§ 922(g)(1) & 924(e). Filing 276. The Court[1] sentenced Defendant to a total sentence of 210 months with three years of supervised release. Filing 276. Defendant did not appeal the conviction or sentence.

In Defendant's previous motion for compassionate release, he asserted that his age, tremors, deteriorating mental state, and other "chronic medical issues" justified compassionate release. Filing 423. The Court denied the motion, noting that other than his age, Defendant did not present any allegation or medical support that he personally was at a greater risk of severe illness

---

[1] The Honorable Laurie Smith Camp was the sentencing judge. This case was reassigned to the undersigned prior to Defendant's previous motion for compassionate release because of Judge Smith Camp's untimely death.

and such generalized concerns were insufficient to show extraordinary and compelling reasons for release. Filing 427 at 2. Moreover, release would be contrary to the factors the Court must consider under 18 U.S.C. § 3553(a)[2] because Defendant's release would endanger the public given the previous offenses of the Defendant. Filing 427 at 3.

Defendant's present Motion presents the same arguments as before, but Defendant adds that his is clinically obese and has twice contracted COVID-19 and "barely survived." *See* Filing 432 at 2. He also now asserts he "suffers from Terminal Late Stage Parkinson's Disease." Filing 432 at 2. These additional arguments do not change the Court's previous decision. First, Defendant states he is obese because he has a "BMI>30." Filing 432 at 2. Neither Defendant's Motion nor his attached medical records state his precise BMI, but list his weight at 201.8 lbs. Filing 432-1 at 6. Without knowing Defendant's BMI, the Court cannot determine whether his obesity—defined by the CDC as a body mass index ("BMI") of at least 30 but less than 40—places him at an increased risk of severe illness.[3]

Courts have recognized that the risks associated with COVID-19 and obesity depend on the severity of the defendant's obesity. *See United States v. Wright*, No. 17-CR-0301, 2020 WL 7334412, at *3 (D. Minn. Dec. 14, 2020) (noting that the more severe the underlying medical condition, the greater the risk for severe illness from COVID-19); *United States v. Perkins*, No. 14-cr-104-LM-1, 2020 WL 4783558, at *4 (D.N.H. Aug. 18, 2020) (citing recent scientific studies and observing that "the higher a person's BMI is, the greater the risk that COVID-19 will prove fatal for that person"). With a BMI of just over 30, Defendant would be only "slightly obese"

---

[2] These factors include the "nature and circumstances of the offense," "history and characteristics of the defendant," "need to avoid unwarranted sentence disparities among defendant with similar records who have been found guilty of similar conduct," and the need for the sentence imposed to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," "afford adequate deterrence," and "protect the public." 18 U.S.C. § 3553(a)(1), (2)(A) through (C), and (6).
[3] CDC, People with Certain Medical Conditions (Feb. 9, 2022), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

2

which courts have held to be insufficient to justify release. *United States v. McAbee*, No. 4:14-CR-40027, 2020 WL 5231439, at *3 (D.S.D. Sept. 2, 2020), *aff'd,* No. 20-2885, 2020 WL 8813969 (8th Cir. Sept. 15, 2020); *see also United States v. Milchin*, 2020 WL 4475902, at *1 (E.D. Pa. Aug. 4, 2020) (finding defendant's "slight obesity," BMI of 30.5, and elevated cholesterol did not justify early release). Defendant has not shown that his obesity places him at a greater risk of complications, nor has he shown that his condition is not being sufficiently treated.

Defendant's second additional argument is that he "barely" survived COVID-19 twice and "it will be a death sentence for him if he contracts Covid-19 again." Filing 432 at 2. Defendant's medical records do not support the assertion that he barely survived or that he faces certain death if he once again contracts COVID-19. Moreover, several courts have declined to grant compassionate release based on fears about reinfection. *See, e.g., United States v. Anguiano*, No. CR 17-135, 2021 WL 1577650, at *4 (D. Minn. Apr. 22, 2021), aff'd, No. 21-2104, 2021 WL 5365216 (8th Cir. May 19, 2021); *United States v. Billings*, No. 19-cr-99, 2020 WL 4705285, at *5 (D. Colo. Aug. 13, 2020). This Court will deny release on this basis as well.

Similarly, Defendant asserts that he "has already gone on over 30 medical trips within the past two years," and has spoken with "outside specialists" concerning Parkinson's disease, Filing 432 at 2, indicating he is receiving appropriate medical care for his ailments. The medical records submitted by Defendant fail to indicate any condition he suffers from is "late state" or fatal. Additionally, the CDC currently does not list Parkinson's disease as a risk factor for COVID-19.[4]

Further, even if Defendant is at greater risk of severe illness from COVID-19, his risk of severe illness is significantly lower because he acknowledges he has been vaccinated against the COVID-19 virus. The CDC reported that "COVID-19 vaccines are effective at preventing

---

[4] People with Certain Medical Conditions, Centers for Disease Control and Prevention (updated February 25, 2022), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

infection, serious illness, and death" and also protect against "disease caused by variants circulating in the U.S."[5] Although some vaccine breakthrough infections can occur, the CDC states that "[e]ven when fully vaccinated people develop symptoms, they tend to be less severe symptoms than in unvaccinated people. This means they are much less likely to be hospitalized or die than people who are not vaccinated."[6] Though studies on the effectiveness of the COVID-19 vaccines are ongoing, many courts—including this one—have concluded that the vaccines mitigate the risks of COVID-19 for purposes of compassionate release motions.[7]

Finally, Defendant's additional grounds for compassionate release do not change the Court's analysis of the § 3553(a) sentencing factors. Defendant's convictions for possession of stolen firearms and felon in possession of firearms as a career criminal are serious crimes, and the potential danger to the public outweighs compassionate release.

Accordingly,

IT IS ORDERED.

1.    Defendant's Motion for Compassionate Release, Filing 432, is denied; and

---

[5] COVID-19, The Possibility of Breakthrough Infections After Vaccination, Centers for Disease Control and Prevention (updated December 17, 2021), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/why-measure-effectiveness/breakthrough-cases.html.
[6] *Id.*
[7] *See, e.g.*, United States v. Perez, No. CR 16-154(4) ADM/BRT, 2022 WL 911563, at *2 (D. Minn. Mar. 29, 2022); United States v. Howell, No. CR 14-303, 2022 WL 37435, at *3 (D. Minn. Jan. 4, 2022); United States v. Lukowski, No. 8:19CR15, 2021 WL 5882345, at *3 (D. Neb. Dec. 13, 2021); United States, v. Kirk, No. CR 19-213 ADM/HB, 2021 WL 4690862, at *3 (D. Minn. Oct. 7, 2021) ("Any risk of Kirk becoming infected and seriously ill from COVID-19 has been substantially reduced because he is now fully vaccinated."); United States v. Zirkelbach, No. 13-CR-1001-CJW-MAR, 2021 WL 3609299, at *5 (N.D. Iowa Aug. 11, 2021) ("[B]ecause the information currently available to the Court shows that vaccination significantly diminishes the risk COVID-19 poses, even to those who are more vulnerable absent the vaccine, the Court gives minimal weight to the threat COVID-19 poses to defendant after becoming fully vaccinated."); United States v. Peel, No. 14-cr-00192 KJM CKD, 2021 WL 2875658, at *3 (E.D. Cal. July 8, 2021) (denying relief to elderly inmate suffering from hypertension, chronic obstructive pulmonary disease, benign hypertrophy of prostate, chronic viral hepatitis C, and malignant neoplasm of prostate, because he received vaccine); United States v. Singh, No. 4:15-CR-00028-11, 2021 WL 928740, at *3 (M.D. Pa. Mar. 11, 2021) (denying release for inmate with obesity and Type II diabetes because inmate received both doses of the Moderna vaccine).

2. The Clerk will mail a copy of this Memorandum and Order to Defendant at his last known address.

Dated this 29th day of April, 2022.

BY THE COURT:

Brian C. Buescher
United States District Judge

5